

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 30, 1973

The Honorable Joe Carroll
District Attorney
P. O. Box 684
Belton, Texas 76513

Opinion No. H- 169

Re: Cost of transporting
prisoners in multi-city
counties

Dear Mr. Carroll:

In your opinion request you advise that:

> "Belton is the County Seat of Bell County, but
> it is less than a third the size of either Temple or
> Killeen. The County Jail is in Belton, but by far the
> majority of the arrests are made in either of the afore-
> mentioned larger cities. We have a problem with
> reference to the transfer of Felony prisoners to the
> County Jail."

The problem concerns whether the time, trouble and expense required to transport prisoners from Temple and Killeen to the county jail in Belton should fall on the police of those respective cities or upon the sheriff of Bell County.

There are no statutes or cases specifically answering your problem. The problem is one that is usually worked out by agreement in multi-citied counties similar to Bell County.

We believe two circumstances indicate that the sheriff of Bell County is responsible for the prisoners after they are taken before a magistrate in Temple or Killeen and committed to the county jail. The first is jurisdictional. The jurisdiction of the police ends with their city limits except in specified circumstances; the sheriff's jurisdiction is county-wide.

The second is Article 2.18, Texas Code of Criminal Procedure, which provides:

p. 775

> "When a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff. It is a violation of duty on the part of any sheriff to permit a defendant so committed to remain out of jail, except that he may, when a defendant is committed for want of bail, or when he arrests in a bailable case, give the person arrested a reasonable time to procure bail; but he shall so guard the accused as to prevent escape."

In the absence of specific statute, we believe that the sheriff's duty to see that the prisoner is "placed in jail" after commitment by a magistrate impliedly requires the sheriff to transport the prisoners from the place where the magistrate commits him to the county jail.

## SUMMARY

It is the duty of the sheriff to see that prisoners committed to the county jail by a magistrate in a city outside the county seat are transported to the county jail.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee